

05-CV-05478-ORD



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID GALLAGHER; SHANNON CONRADI; S.L.C., a minor; ROBBIE A BYLSMA; ZACH B. KIRBY; JOANNE GRIMES; J.A.T., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF WINLOCK, WASHINGTON; WINLOCK CHIEF OF POLICE TERRY WILLIAMS; WINLOCK POLICE OFFICER BOBBY MUNYAN; WINLOCK POLICE OFFICER SAM PATRICK; CITY OF TOLEDO, WASHINGTON; TOLEDO POLICE OFFICER GERARD THURLOW; CITY OF NAPAVINE, WASHINGTON; NAPAVINE POLICE OFFICER JAMES MCGINTY; NAPAVINE POLICE OFFICER KEVIN LEE; CITY OF VADER, WASHINGTON; VADER POLICE OFFICER JOEL REEDER,<br><br>Defendants. | Case No. C05-5478FDB<br><br>ORDER GRANTING DEFENDANTS NAPAVINE, McGINTY, AND LEE'S MOTION FOR SUMMARY JUDGMENT ON GROUNDS OF QUALIFIED IMMUNITY |

Defendants Napavine, McGinty, and Lee move for summary judgment based on qualified immunity. The background facts in this matter are set forth in the Court's Order Granting the Winlock and Toledo Defendants' Motion for Summary Judgment and will not be repeated here.

ORDER - 1

Officers McGinty and Lee argue that they had limited participation as backup officers to Winlock Officer Sam Patrick and are entitled to qualified immunity; the municipality of Napavine has no liability because the officers employed by Napavine did not violate the constitutional rights of Plaintiffs.

McGinty and Lee aver that upon their arrival, they secured the back of the residence while the other officers approached the front of the residence. (McGinty Decl. ¶ 4, and Lee Decl., ¶ 4.) McGinty and Lee also aver that they had no involvement in the decision to detain or arrest Plaintiffs and did not transport any of the Plaintiffs in their patrol car. *Id.* ¶ 5. McGinty and Lee helped dispose of the beer on the premises. *Id.* ¶ 6. McGinty and Lee left the premises shortly thereafter and returned to Napavine. *Id.* ¶ 7.

The Court reviews the qualified immunity issue as established by *Saucier v. Katz*, 533 U.S. 194, 201-05 (2001), first inquiring whether the officers violated a clearly established constitutional right, and, if so, whether the officer could nevertheless have reasonably but mistakenly believed that his or her conduct did not violate a clearly established constitutional right.

Plaintiffs contend that the Napavine officers had more than limited involvement, with the dispatch radio tape showing calls to an from Officer McGinty for more than an hour, that one of Plaintiff's witnesses took a copy of the lease from Plaintiff Zach Kirby to Officer McGinty at the Napavine police station. Plaintiffs argue that an officer who merely stands at the back door and guards it during an unconstitutional search and arrest shares in the liability for that wrong, citing *Melear v. Spears*, 862 F.2d 1177, 1186 (5th Cir. 1989).

The Ninth Circuit's decision in *Jones v. Williams*, 297 F.3d 930 (9th Cir. 2002) distinguishes the holding in *Melear*, holding that officers are not to be held liable under a group liability theory, rather there must be a showing of "integral participation," that is integral participation "in the alleged constitutional violation." *Id.*

There is no dispute that Officers McGinty and Lee were responding officers. The log

ORDER - 2

1  records that Officer McGinty arrived at the scene at 23:40:29 and departed the scene at 00:12:49,

2  that he had no role in the transport of the plaintiffs or any subsequent investigation, and that

3  although communications involving the matter occurred until 5:10:04, there was no further

4  involvement from Officers McGinty or Lee. The Napavine officers were at the back of the

5  residence during the entry. There is no evidence that there was "integral participation in the alleged

6  constitutional violation" by the Napavine officers. Moreover, this Court has already concluded that

7  the Winlock and Toledo defendants are entitled to summary judgment on the basis of qualified

8  immunity. Under the circumstances, the Napavine Defendants are entitled to qualified immunity as

9  well.

10  ACCORDINGLY, IT IS ORDERED: The Motion of Defendants Napavine, McGinty and

11  Lee for Summary Judgment on Grounds of Qualified Immunity [Dkt. # 41] is GRANTED and

12  Plaintiffs' claims against Defendants City of Napavine, James McGinty, and Kevin Lee are

13  DISMISSED WITH PREJUDICE.

14  DATED this 13 day of February, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

26  ORDER - 3