05-CV-05478-ORD



FILED
RECEIVED
LODGED

FEB 1 3 2006

BY _____ WESTERN CLERK U.S. DISTRICT COURT
DISTRICT OF WASHINGTON AT TACOMA
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID GALLAGHER; SHANNON
CONRADI; S.L.C., a minor; ROBBIE A
BYLSMA; ZACH B. KIRBY; JOANNE
GRIMES; J.A.T., a minor,

Plaintiffs,

v.

THE CITY OF WINLOCK, WASHINGTON;
WINLOCK CHIEF OF POLICE TERRY
WILLIAMS; WINLOCK POLICE OFFICER
BOBBY MUNYAN; WINLOCK POLICE
OFFICER SAM PATRICK; CITY OF
TOLEDO, WASHINGTON; TOLEDO
POLICE OFFICER GERARD THURLOW;
CITY OF NAPAVINE, WASHINGTON;
NAPAVINE POLICE OFFICER JAMES
MCGINTY; NAPAVINE POLICE OFFICER
KEVIN LEE; CITY OF VADER,
WASHINGTON; VADER POLICE OFFICER
JOEL REEDER,

Defendants.

Case No. C05-5478FDB

ORDER GRANTING VADER
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

Defendants City of Vader and former Vader police officer Joel Reeder move for summary

judgment based on qualified immunity. The background facts in this matter are set forth in the

Court's Order Granting the Winlock and Toledo Defendants' Motion for Summary Judgment and

ORDER - 1

1  will not be repeated here. Joel Reeder avers in his declaration that while in the Toledo, Washington
2  area conducting follow-up on an unrelated matter, he received a radio call from Officer Sam Patrick
3  of the Winlock Police Department reporting a burglary in progress and requesting additional units
4  respond for containment of the premises. Officer Reeder responded and drove to the subject
5  premises in Winlock, Washington.

6    At the scene, Officer Reeder monitored the perimeter of the house with the assistance of an
7  officer from Napavine, Washington. At the request of Officer Patrick, Officer Reeder entered the
8  residence to monitor the occupants while Officer Patrick made a telephone call to the Winlock
9  Police Chief. When it was determined that the occupants in the house were all underage, Officer
10  Reeder assisted other officers in disposing of the beer on the premises.

11    At the request of Officer Patrick, Officer Reeder agreed to transport Defendant Gallagher,
12  who had been arrested, to the Winlock Police Department to be photographed for booking, and
13  placed Gallagher in the back of his marked patrol car. Officer Reeder then transported Gallagher to
14  the Lewis County Jail. En route, he was notified over the radio of some kind of medical problem
15  being experienced by one of the suspects in another vehicle. Once the female in the other police
16  vehicle was loaded into an ambulance, Officer Reeder drove to the jail and turned Gallagher over to
17  the jail staff, terminating his involvement in this incident.

18    Plaintiffs allege that Officer Reeder deprived them of their Fourth and Fourteenth
19  Amendment rights by his unreasonable search, seizure, and arrest, as well as deprivation of property
20  without due process.

21    The Court reviews the qualified immunity issue as established by *Saucier v. Katz*, 533 U.S.
22  194, 201-05 (2001), first inquiring whether the officers violated a clearly established constitutional
23  right, and, if so, whether the officer could nevertheless have reasonably but mistakenly believed that
24  his or her conduct did not violate a clearly established constitutional right.

25    The court has already concluded that the Winlock and Toledo Defendants are entitled to
26  ORDER - 2

1   summary judgment on the basis of qualified immunity.  Officer Reeder's arrival at the scene in

2   response to the request for back-up, his subsequent following the requests of the Winlock Officer,

3   and his placing Gallagher in his patrol car for transport to jail does not support a claim of

4   deprivation of a clearly established constitutional right.  Plaintiff Gallagher contends in his response

5   that Officer Reeder subjected him to excessive force during initial entry into the home and when he

6   was hit on the head by the car door when Officer Reeder placed him in his patrol car for transport.

7   Plaintiff cites *Darver v. Edna*, 410 F.3d 745, 753-54 (5th Cir. 2005) where an officer deliberately

8   and repeatedly shut the car door on the arrestee's feet and head.  There is no such allegation here:

9   Gallagher states that "the door was shut on my head," that he had blood in his mouth, and that he

10  later had to have a filling replaced.  (Gallagher Decl. ¶ 17.)  Gallagher also admits that "I was not

11  cooperative with the officers."  *Id.* ¶ 15.  Officer Reeder did not use excessive force against

12  Gallagher.  Officer Reeder not having violated Plaintiff's constitutional rights, there is no basis for

13  liability against the City of Vader.

14          Under all the circumstances, Defendants City of Vader and Joel Reeder are entitled to

15  summary judgment based on qualified immunity.

16          ACCORDINGLY, IT IS ORDERED: The Vader Defendants' Motion for Summary

17  Judgment [Dkt. # 50] is GRANTED and Plaintiffs' claims against City of Vader and Joel Reeder are

18  DISMISSED WITH PREJUDICE.

19

20          DATED this ___ day of February, 2006.

21

22

23                                  FRANKLIN D. BURGESS
                                    UNITED STATES DISTRICT JUDGE
24

25

26  ORDER - 3